## Delaney v. Alcorn, Judge of Lincoln Circuit Court.

March 15, 1946.

John P. Strother for appellant.

W. H. H. Reynolds, Joe G. Davis and Chenault Huguely for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Denying writ, dismissing petition.

This is an original action filed in this court by Letha Delaney as petitioner against K. S. Alcorn, Judge of the Lincoln circuit court. The action is invoked by petitioner pursuant to authority conferred on this court by section 110 of our Constitution. The relief sought by petitioner, as stated in her prayer, is:

"Wherefore, plaintiff prays that this court issue its writ of prohibition, or order herein addressed to Honorable K. S. Alcorn, Judge of the Lincoln Circuit Court, prohibiting him, as Judge of said Court, from proceeding further in the matter of restraining and enjoining H. S. Anderson, as Sheriff of Lincoln County,

Kentucky, from executing on Arnold Delaney the summons, order of arrest and order of attachment and any and all other and further writs of process issued from and by the Campbell Circuit Court in the State of Kentucky and that said defendant be prohibited from acting or proceeding in any way in said action wherein Arnold Delaney is plaintiff and Letha Delaney and H. S. Anderson, Sheriff of Lincoln County, Kentucky are defendants, pending in said Lincoln Circuit Court, and that on final hearing it be adjudged that said defendant, as Judge of the Lincoln Circuit Court aforesaid, is proceeding beyond his jurisdiction * * *''.

The involved litigated questions stem from three prior actions, the first of which was a petition filed by the instant petitioner in the Lincoln circuit court on September 3, 1945, against her husband, Arnold Delaney, whereby she sought a divorce from him and recovery of alimony. In that action she obtained an attachment which was levied upon certain property of her husband by H. S. Anderson, the sheriff of Lincoln County, Ky. In her petition in that action she alleged, and verified it by oath, that she and her husband were married on March 1, 1927, and "they are now both residents of Lincoln County, Kentucky, and have been for more than one year next preceding the commencement of this action.'' The stated grounds of divorce were cruel and inhuman treatment toward her by her husband for more than six months last passed. That action will hereafter be referred to as "action No. 1.''

The husband's answer thereto, filed on November 10, of the same year, denied the grounds of divorce alleged in the petition, and in another paragraph counterclaimed by which he sought a divorce from the plaintiff therein. Five days prior thereto (November 5, 1945) Mrs. Delaney—who in the meantime had left her home in Lincoln County, went to Newport, Ky., and obtained a room with one Bessie Overman at 944 Monmouth Street in that city—later filed her second divorce action in the Campbell circuit court, seeking thereby the identical relief that she had done in the Lincoln circuit court, except she further prayed for and obtained a writ of arrest of her husband and it, together with attachments which she also obtained in that action, were sent to the sheriff of Lincoln County, H. S. Anderson, for

execution. That action will be hereinafter referred to as "action No. 2."

Before the sheriff of Lincoln County executed the writs granted by the Campbell circuit court in action No. 2, Arnold Delaney filed an action in the Lincoln circuit court against his wife and the sheriff of that county seeking to enjoin the sheriff from executing the Campbell County writs, and to enjoin his wife from further prosecuting action No. 2 in the Campbell circuit court, upon the ground that the Lincoln circuit court had first obtained jurisdiction of the parties, and because thereof the Campbell circuit court was without jurisdiction to entertain action No. 2 and was without authority to issue the writs sent to the Lincoln county sheriff, nor did that officer possess the right to serve them. But no relief was sought in that action against the Judge of the Campbell circuit court. That action will hereinafter be referred to as "action No. 3."

Service was not had on Mrs. Letha Delaney in that (No. 3) action, but the sheriff of Lincoln County, H. S. Anderson, was brought before the court on summons. On November 20, 1945, the court granted a permanent injunction against the sheriff restraining him from executing any of the writs issued from the Campbell circuit court in action No. 2. That order was later followed by the filing of this original action in this court for the relief hereinbefore indicated. It is, therefore, seen that the question for determination is one of conflict of jurisdiction between the Lincoln circuit court and the Campbell circuit court both of which have equal concurrent original jurisdiction in this Commonwealth.

The text in 15 C. J. 1134, sec. 583, in speaking to the question involved here says: "Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action. This rule rests upon comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would unavoidably

lead to perpetual collision and be productive of most calamitous results."

In note 58 to that text in C. J. there are cited in substantiation thereof cases from the U. S. Supreme Court, and practically every state in the Union, including the Kentucky case of Hawes v. Orr, 10 Bush 431, in which this court approved the rule of the text in this excerpt from that opinion: "We recognize the doctrine that the court first acquiring jurisdiction has a right to go on until it has performed its office in reference to the subject-matter in litigation, and will not allow itself to be ousted of its jurisdiction, or permit the thing in lite to be wrested from it so that it can not execute its judgment; * * *." In note 59 to that same text in C. J. more than two columns of opinions by the courts of various states of the Union are listed in support thereof.

The same principle is thus stated in the text of 14 Am. Jur. 435, sec. 243, saying: "It is a familiar principle that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and that no court of co-ordinate authority is at liberty to interfere with its action." It is supported by an entire column of cited cases from various courts. See also sec. 245 on page 437 of the same volume. That respondent as Judge of the Lincoln circuit court properly granted the injunction in action No. 3 supra is equally as well established, in proof of which we take this excerpt from sec. 596, page 1141 of 15 C. J. supra:

"* * * and where separate actions are brought in respect to the same matters in courts of concurrent jurisdiction, the court in which the first action was brought, being entitled to dispose of the whole controversy, may restrain the parties from further proceedings in the later action, and it has even been held that the court in which the first action was brought may, by injunction directed to the judge of the court in which the later action is brought, restrain the latter from proceeding to the trial of such action.

"A court which has actually acquired the possession of property may, by injunction, protect such property against suits or proceedings in other courts."

It is unnecessary to cite other authorities in support of the involved principles, since they are general ones, recognized by all courts without question or dissent so far as counsel and we are able to discover.

Counsel for petitioner in this case does not dispute the governing law as hereinbefore outlined, citing in support of the relief herein sought only subsection (1) of section 371 of our Civil Code of Practice, saying: "An action, or any cause of action, may be dismissed without prejudice to a future action * * * by the plaintiff, before the final submission of the case to the jury, or to the court, if the trial be by the court," and some domestic cases wherein such right was involved. However, in note (1) to that section many domestic cases are listed in which this court said that "A plaintiff cannot dismiss his petition without prejudice after an answer and set-off or counterclaim has been tendered, although not filed, and thereby deprive the defendant of the right to a trial of his set-off."

Neither before, nor after the filing of action No. 2 supra, did plaintiff offer to dismiss her petition in Action No. 1. But had she attempted to do so after answer filed by her husband in that action, and the court had sustained her motion, it would not deprive the husband of the right to continue to prosecute his divorce action as sought in his counterclaim in his answer filed in that (No. 1) case. Therefore, if plaintiff in the two divorce actions should yet attempt to dismiss her action No. 1 pending in the Lincoln circuit court, and succeed in doing so, it would still leave in that court the husband's action to obtain a divorce from her, and the law disallows the pending of two such actions in different courts of the same sovereignty by one of the spouses against the other seeking the dissolution of the marriage contract. Such a practice would create great confusion and conflicts of jurisdiction to the extent of being intolerable. If such practice should receive the approval of the courts then there would be pending at the same time different actions in different courts seeking adjudication of the same or inter-related issues, when the court first obtaining jurisdiction could determine all of them in the one action. It is therefore a wise principle of law which declares that the contested questions should be determined alone by that court, and

that a subsequent effort by either party to have a different court make· such determination is forbidden.

It is therefore our undoubted conclusion that there exists no ground whatever for the, granting of the writ herein sought, and petitioner's motion therefor is denied, and her petition is dismissed.