RENDERED: NOVEMBER 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1337-MR

COMMONWEALTH OF KENTUCKY          APPELLANT

v.         APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE BARRY WILLETT, JUDGE
ACTION NO. 20-CR-000455

LASHAWN MONTEZ HICKMAN          APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, MAZE, AND McNEILL, JUDGES.

MAZE, JUDGE: The Commonwealth appeals from an order of the Jefferson

Circuit Court dismissing an indictment against LaShawn Montez Hickman based

upon the Commonwealth's failure to produce discovery as ordered. We conclude

that the trial court abused its discretion by dismissing the indictment without a

finding that Hickman suffered severe prejudice as a result of the Commonwealth's

non-compliance.  Hence, we reverse and remand for further proceedings on the indictment.

The relevant facts of this action are not in dispute.  On February 18, 2020, a Jefferson County grand jury returned an indictment charging Hickman with receiving stolen property over $10,000; obscuring the identity of a machine over $10,000; possession of a handgun by a convicted felon; first-degree fleeing or evading police; and receiving a stolen firearm.  At his arraignment on February 24, the trial court continued Hickman on $25,000 full-cash bond, with allowances for work release and job search.  The court set a pre-trial date for June 2 and a trial date of September 22.  Pursuant to JRP[1] 803, the court directed the Commonwealth to produce discovery no later than 10 days before the pre-trial conference.  On March 19, the trial court entered an order releasing Hickman on his own recognizance based on the COVID-19 emergency.

When the case was called via phone conference on June 2, Hickman and his counsel appeared.  The Assistant Commonwealth Attorney did not appear. The trial court asked counsel if the Commonwealth had produced discovery. Defense counsel replied no.  The trial court then asked if counsel wanted to keep the trial date on September 22 or convert it to a pre-trial.  Counsel agreed to the

---

[1] Rules of Practice and Procedure of the 30th Judicial Circuit, Jefferson Circuit Court.  Adopted July 11, 2006, as amended Feb. 8, 2018.

pre-trial date. The court further directed the Commonwealth to produce discovery "as soon as possible." The court followed up this oral order with a written order entered on June 15.

When the case was called on September 22, Hickman and his counsel were present by phone, but the Assistant Commonwealth Attorney did not initially appear. The Commonwealth came into the phone conference about five minutes later after being called. The trial court asked if the Commonwealth had produced discovery, to which Commonwealth replied, "It has not, Your Honor." No further explanation was forthcoming from the Commonwealth. The trial court then summarily stated, "The indictment is dismissed." The Commonwealth acknowledged the dismissal but did not object. The trial court's written order, entered on September 29, 2020, set out the procedural history and concluded, "Based upon the Commonwealth's failure to produce discovery as required by our local rules and orders of this Court, the indictment against the Defendant is DISMISSED." The Commonwealth now appeals from this order.

On appeal, the Commonwealth makes no effort to justify its failure to produce discovery as ordered. Rather, the Commonwealth argues that dismissal was not an appropriate remedy. The Commonwealth concedes that it failed to object to the dismissal. However, the Commonwealth maintains that this Court

may still review the issue because it did not have an opportunity to object at the time the trial court made the order.

As the Commonwealth notes, RCr[2] 9.22 generally requires a party to raise an objection at the time the court takes an action.  However, "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice that party." *Id.*  The Commonwealth contends that this rule applies when the trial court grants a motion to dismiss without a motion by the opposing party. *Radford v. Lovelace*, 212 S.W.3d 72, 77 (Ky. 2006), *overruled on other grounds by Cardine v. Commonwealth*, 283 S.W.3d 641 (Ky. 2009).

*Radford* involved a situation where the trial court granted a mistrial after highlighting certain improper evidence to the jury.  The Supreme Court held that defense counsel had no appropriate opportunity to object, noting that "one would not seriously argue for the right to have his client tried in front of the same jury that had listened to the trial court's comments on this matter." *Id.*  By contrast, the trial court dismissed the indictment after the Commonwealth admitted to not complying with the court's discovery orders.

We believe that the Commonwealth had some duty to either object to the dismissal or at least offer some explanation for its delay in producing

---

[2] Kentucky Rules of Criminal Procedure.

discovery. Nevertheless, we recognize dismissal of an indictment is an extreme sanction that should be used infrequently. *See Commonwealth v. Baker*, 11 S.W.3d 585, 590 (Ky. App. 2000). Thus, despite the lack of a timely objection, we elect to review the trial court's dismissal on the merits.

RCr 7.24(11) authorizes a trial court to impose sanctions on a party in a criminal matter who has not complied with discovery orders. If the Commonwealth has refused to comply with a discovery order, and the refusal resulted in severe prejudice, a circuit court may dismiss the criminal indictment. *Commonwealth v. Grider*, 390 S.W.3d 803, 818 (Ky. App. 2012). We review the trial court's decision to dismiss an indictment for abuse of discretion. *Id.* at 817.

However, a trial court has limited authority to dismiss an indictment prior to trial and without the consent of the Commonwealth. *Id.* at 818. Here, the trial court dismissed the indictment *sua sponte*, and without a motion by Hickman's counsel. Moreover, the trial court made no findings that Hickman was prejudiced by the Commonwealth's failure to produce discovery as ordered. In the absence of such findings, we must conclude that the trial court abused its discretion by dismissing the indictment.

By our ruling in this matter, we in no way condone or approve of the actions of the Commonwealth. The Commonwealth made no effort to explain its failure to produce discovery as required by the local rules and by direct orders of

the court.  Furthermore, the matter had been pending for seven months, and more than three months had passed since the trial court entered its written order directing the Commonwealth to produce discovery.  We strongly disagree with the Commonwealth's suggestion that the Supreme Court's orders in response to the COVID-19 emergency justifies such a blatant disregard of court orders.  As with any other party, the Commonwealth must comply with the trial court's orders or make a timely motion to seek additional time to comply.   And of course, a trial court has inherent authority to enforce its own orders.  *Boland-Maloney Lumber Co., Inc. v. Burnett*, 302 S.W.3d 680, 688 (Ky. App. 2009) (citing *Akers v. Stephenson*, 469 S.W.2d 704, 706 (Ky. 1970)).

On remand, the trial court should set a prompt date for the Commonwealth to produce discovery.  The trial court is not obligated to allow additional delays without a sound explanation.  The trial court has the discretion to grant a continuance or to exclude any evidence not produced timely.  RCr 7.24(11).  Dismissal may also be warranted if Hickman invokes his right to a speedy trial (*see Dunaway v. Commonwealth*, 60 S.W.3d 563, 569 (Ky. 2001)) or severe prejudice is shown.  *Grider*, 390 S.W.3d at 818.  But in the absence of any such circumstances, we must conclude that the trial court abused its discretion by dismissing the indictment at this point.

-6-

Accordingly, we reverse the order of the Jefferson Circuit Court dismissing the above-styled indictment and we remand for additional proceedings in accord with this Opinion.

ALL CONCUR.


BRIEF FOR APPELLANT:

Daniel Cameron
Attorney General of Kentucky

Jeanne Anderson
Special Assistant Attorney General
Louisville, Kentucky

BRIEF FOR APPELLEE:

Rob Eggert
Louisville, Kentucky