## Justice et al. v. Clemons et al.

December 17, 1948.

Rodes K. Myers, W. O. Bilyeu and Leland H. Logan for appellants.

William H. Natcher, Bell, Stagner & Orr and Coleman, Harlin & Willock for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

This suit was brought by appellants against the Warren County Board of Education (hereinafter referred to as "Board") to enjoin its members from constructing a central high school near Bowling Green. The only question in the case is whether or not the Board abused its discretion in the selection of a site for the building. The Chancellor dismissed appellants' petition.

There has been a controversy over the location of a high school in what is known as the South Warren area of Warren County for approximately four years. The territory to be served lies generally southwest of Bowling Green and extends to the Butler, Logan and Simpson County lines. It covers roughly one-third of Warren County. In January 1945 the Board undertook to locate a consolidated school building at Woodburn, which is near the Simpson. County line almost due south of Bowling Green, and relatively close to the eastern boundary of the South Warren area. The Board was held by this Court to have abused its discretion in selecting this location in the case of Phelps et al. v. Witt et al., 304 Ky. 473, 201 S. W. 2d 4. The decision was based principally on the fact that the local Board had failed to have this site approved by the State Superintendent of Public Instruction.

After the above decision, the present Board undertook to select a new location for a proposed central high school building. Rather extensive correspondence was had with the State Superintendent of Public Instruction and his assistant, Mr. Gordie Young. The latter made

a trip to Bowling Green, consulted with members of the Board, and actually was taken to the site of the proposed new building. Mr. Young appears to have been favorably impressed with the possibilities, and on December 8, 1947, the Superintendent officially approved a thirty acre site upon which the Board held an option, with the understanding an additional adjoining twenty acres would be secured as soon as possible. The Board has exercised its option on the thirty acre tract and will be able to obtain the additional twenty acres.

This site lies southwest of Bowling Green, a short distance from the city limits. It is near the intersection of State Highway 71 (the Morgantown Pike) and U. S. Highway 68 (the Russellville Pike). It is not far from the point where U. S. Highway 31-W enters the City. The three main highways just mentioned fairly cover the South Warren area and converge near the new site.

The objections to this site are in substance: (1) It is not the center of population, (2) it is not the center of the area, (3) the topography of the land is not suitable, (4) the approaches present highway traffic and railroad crossing hazards, and (5) the surroundings are unsatisfactory because of the existence of stone quarries, railroad operations, beer and whiskey dispensaries, a bowling alley, a garage, and a skeet shoot. Appellants also suggest sinister motives on the part of those members of the Board who voted in favor of this location.

Taking up the last suggestion first, it appears the five member Board was divided on the approval of this location. Three favored it, and two were against it. One of the members who was opposed intimates that he was unaware of the steps being taken to select a site, but the minutes of the Board show clearly that the matter was being given serious consideration, and a bona fide attempt was being made to cooperate closely with the State Superintendent. There is no proof the three members who approved the selection of this site were influenced by improper motives.

There is some merit in certain objections to the site raised by appellants. They only show, however, that the present location is not perfect from every standpoint. We cannot imagine, however, a single spot in any county which would be absolutely ideal for the erec-

tion of a consolidated high school. The transportation problem frequently creates undesirable conditions. It is obvious, however, that if a school site is to be accessible from adequate highways near a metropolitan area, there must be traffic hazards and often undesirable outcroppings of civilization appurtenant thereto.

Under KRS 160.160 and 160.290 county boards are given broad discretion in the establishment of schools which they deem necessary for the promotion of education, and selection of a school site is particularly a matter for the exercise of their unfettered good faith judgment. As noted in the Phelps case above cited (Phelps et al. v. Witt et al., 304 Ky. 473, 201 S. W. 2d 4), the Board must seek the advice of the State Superintendent of Public Instruction, but when his approval has been obtained, the Courts will not interfere with proposed plans unless there is positive proof of fraud, collusion, or a clear abuse of discretion. The Circuit Court and this Court cannot set themselves up as investigating committees to determine in the final analysis what is the best plan for a county school system. This is the function of the Board elected for that purpose under supervision of state educational authorities.

We adopt with approval the following from the opinion of the Chancellor:

"The court has studied this record and is familiar with the roads and the area testified about. And it appears to the Court that primarily the duty and obligation of the locating of school sites, the fixing of boundaries of school districts, and the matter of transportation of school children rest with the Warren County Board of Education. Whether it is acting wisely or unwisely, in the opinion of the court, in determining whether the school should be located somewhere just south of the City of Bowling Green, where the highways serving the southern area of the county converge, instead of locating it some place nearer the geographical center of the district where it might serve as community center for that particular area is not a matter for judicial determination. The only question the court can determine is whether the County Board of Education is exceeding its authority or acting arbitrarily. The court cannot but feel that a great many of the objections pointed out

in the record to the proposed site are far-fetched and exaggerated and would apply equally to any site upon any of the other highways if the school is to be located near the city of Bowling Green.''

For the reasons stated, the judgment is affirmed.