**GOINS et al. v. JONES et al.**

Court of Appeals of Kentucky.

May 29, 1953.

Farland Robbins and Henry Jack Wilson, Mayfield, for appellants.

Flavious B. Martin and Sam B. Neely, Mayfield, for appellees.

CLAY, Commissioner.

This suit was brought by a number of residents, taxpayers and school patrons, residing in the Graves County school district north of Mayfield, to enjoin the County Board of Education from locating a proposed new elementary school building at or near the town of Lowes and to require the Board to locate such building at or near the town of Folsomdale. The Chancellor dismissed the petition.

█ The only question here presented is whether or not the Graves County Board of Education acted arbitrarily in selecting the site for the building. Courts may not interfere with such a proposed plan unless there is shown a clear abuse of discretion which is vested in the Board by KRS 160.-160 and 160.290. Justice v. Clemons, 308 Ky. 820, 215 S.W.2d 992.

In 1951 an elementary school building located at Lowes was practically destroyed by fire. The School Board was immediately confronted with the necessity of building new facilities to take care of the pupils who had formerly attended the old school. The evidence shows that the problem received careful consideration. Questionnaires were sent to the parents of children who had attended the old school; members of the State Board of Education were invited to inspect the proposed site; and the State Superintendent of Public Instruction did approve it. Surveys were made to determine the population of the area proposed to be served. It appears the Board considered such matters as accessibility by road, the transportation problem at the proposed site and at other possible sites, the nearness to an area developing on the north, and other school facilities to the east.

█ Appellants' principal contention is that Lowes is located near the western boundary of Graves County, and that it is not at or near the geographical or population center of the area proposed to be served. We may concede this to be true. Under such circumstance, it is appellants' contention that the situation is almost identical with that disclosed in the case of Phelps v. Witt, 304 Ky. 473, 201 S.W.2d 4. In that case we held the Warren County Board of Education had acted arbitrarily in proposing to erect a school building at the extreme southeast edge of Warren County. It appeared that this site was as much as 20 miles from some of the homes of pupils who would attend; that the location was not satisfactory from a topographical standpoint; that the State Board of Education had not investigated the site; and the State Superintendent had not approved it as required by a regulation adopted pursuant to KRS 156.160. The opinion emphasized the latter fact.

Although the proposed site in the present case is not at either the geographical or population center of the area to be served, none of the other controlling considerations upon which the Phelps decision was based are present. We may even concede that the location proposed by appellants has many advantages, and perhaps a location approximately midway between such location and Lowes would be more ideal. The transportation of school pupils in school busses is always a difficult and even a discouraging problem. Whenever a new school building is to be erected to serve a particular school pupil area, certain advantages always accrue to one or more groups or patrons and disadvantages to other groups. However, the solution of that problem is the responsibility of the School Boards elected to determine upon the best plans for the county school systems in their particular counties. We cannot substitute our judgment for theirs.

The Chancellor, Hon. Elvis J. Stahr, heard all of the testimony in this case and wrote an excellent opinion which shows the

very careful consideration he gave to all of the evidence. Our conclusion is the same as his, which we quote:

"This Court is unable to conclude from all of the evidence that the Board's action was without serious consideration and lacking a reasonable discretion and was arbitrary. Under the law, after harmonizing the evidence, this Court is of the considered opinion that it is without power and authority to interfere with the action of the School Board, * * *."

The judgment is affirmed.