B. F. PAGE, Individually, and on Behalf of Patrons of Richpond Elementary School, Appellant, v. Homer HOWELL and Other Members Board of Education, C. T. Clemons, Supt. Warren County Schools, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 16, 1953.

Paul R. Huddleston, Bowling Green, for appellant.

Charles R. Bell, Rodes K. Myers, Myers & Logan, Bowling Green, for appellees.

CULLEN, Commissioner.

After the completion of a new consolidated elementary school building at Richpond, in Warren County, the county board of education ordered that the elementary school at Woodburn, some four miles to the south of Richpond, be closed, and that the children from the Woodburn community attend the Richpond school. The four teachers who had been teaching at Woodburn were transferred to Richpond, to serve with four other teachers who formerly had been teaching in the old elementary school at Richpond.

An action was brought by some of the citizens of the Woodburn community to enjoin the closing of the Woodburn school, and the circuit court entered judgment, after the beginning of the 1952–1953 school year, requiring that the school be reopened. Thereupon the board of education transferred back to the Woodburn school the four teachers who had been moved from Woodburn to Richpond. An action then was brought by citizens of the Richpond community to enjoin this transfer back of the four teachers. Judgment was entered dismissing the action.

In the action first above mentioned, by the citizens of Woodburn, the judgment was reversed on appeal to this Court. See Clemons v. Bottom, Ky., 262 S.W.2d 85.

The effect of the reversal is that the Woodburn school may be closed.

We now have before us an appeal from the judgment in the action by the citizens of Richpond, in which the court refused to enjoin transfer of the four teachers back to Woodburn.

It will readily be seen that the decision of this Court on the appeal in the first action disposes for all practical purposes of the issues involved in the second action. Therefore, without elaboration, we will state merely that in our opinion the judgment in the second action was proper and correct.

The judgment is affirmed.

SIMS, C. J., absent and not sitting.