CLEMONS et al. v. BOTTOM et al.

Court of Appeals of Kentucky.

Oct. 16, 1953.

Rehearing Denied Dec. 4, 1953.

Bell & Orr, Bowling Green, for appellants.

Rodes K. Myers, Leland H. Logan, Bowling Green, for appellees.

CULLEN, Commissioner.

In an action brought by a group of citizens and taxpayers, judgment was entered requiring the board of education of Warren County to reopen an elementary school at Woodburn, which is a small community in the southern part of Warren County. The judgment was based upon a finding that the board had abused its discretion in closing the school. The board appeals from the judgment.

Prior to 1942, there was a combined high school and elementary school at Woodburn, and another such combined school at Richpond, some four miles to the north of Woodburn. In 1942 the main school buildings at both places were destroyed by fire, leaving only a wooden gymnasium at each place. The high school students then were transferred temporarily to other schools, while the elementary schools continued to be operated in the gymnasium buildings. After a period of extended controversy and litigation, a new consolidated high school, to serve all of the southern part of Warren County, was constructed near the southern limits of Bowling Green. Some of the history of the controversy over the location of the high school may be found in Phelps v. Witt, 304 Ky. 473, 201 S.W. 2d 4, and Justice v. Clemons, 308 Ky. 820, 215 S.W.2d 992.

After the question of location of the high school had been settled, the board of education undertook to determine the proper location for a new consolidated elementary school to serve the Woodburn and Richpond communities, and the adjoining community of Matlock. In the meantime the schools continued to be carried on in the old gymnasiums. In the spring of 1948 the board voted to locate the new school at Woodburn, and this location was approved by the Superintendent of Public

Instruction. However, the question of the proper location for the school continued to be a subject of controversy. There was litigation, political maneuvering, and a long series of correspondence and negotiations with the State Department of Education. At one or two times during this period there was some suggestion made that separate new schools be constructed at Woodburn and Richpond, but it appears that the Superintendent of Public Instruction did not favor separate schools, and all the parties concerned seemed to agree that there should be only one school, the only controversy being as to where it should be built.

Finally, early in 1951, the board of education voted to build the consolidated elementary school at Richpond. The location and plans were approved by the Superintendent of Public Instruction, and the school was constructed, being completed in the spring of 1952. It is a modern building, having adequate capacity to accommodate the children of the Woodburn, Richpond and Matlock communities.

In April 1952 the board of education voted to abolish the Woodburn elementary school, beginning with the 1952–1953 school year, and the children at Woodburn were directed to attend the new school at Richpond. This is the decision of the board that was attacked in the suit now before us, and was held by the lower court to have been an abuse of discretion.

While the arguments and evidence of the appellees purport to be addressed to the question of an abuse of discretion in closing the Woodburn school, in actuality they direct themselves only to the question of an abuse of discretion in building the consolidated school at Richpond rather than at Woodburn.

■ While some of the circumstances surrounding the final selection of Richpond as the site for the new school may tend to indicate arbitrary action, absence of good faith, and the operation of political influences, the fact remains that the school has been built and its construction at Richpond was approved by the Superintendent of Public Instruction. It is now too late to say that the school should not have been built.

■ The only arguments against the closing of the Woodburn school are that Woodburn is a suitable community in which to have a school, and that the closing of the school will destroy the "community spirit" in Woodburn. These arguments could be advanced in favor of local one-room schools, and against consolidated schools, in every case. We take notice of the trend towards consolidated schools, and of the many advantages that may accrue from consolidation, such as better physical plants, broader and more varied curricula, and better distribution and utilization of teaching personnel.

We are not convinced that the kind of "community spirit" which the people of Woodburn desire to preserve and foster is in all respects commendable. There are some elements of selfishness and isolationism involved.

■ We do not find in the record any evidence to support the conclusion that the closing of the Woodburn school (as distinguished from the selection of Richpond as the site for the consolidated school) was in any way influenced by wrongful motives or was not made in the exercise of the good faith judgment of the board. On the contrary, we think that the closing of the Woodburn school, after the completion of the new consolidated school, was the most reasonable action the board could take.

The judgment is reversed, with directions to set it aside and to dismiss the plaintiffs' petition.

SIMS, C. J., absent and not sitting.