Richard W. BROWN et al., Appellants,

v.

HARDIN COUNTY BOARD OF EDUCATION et al., Appellees.

Court of Appeals of Kentucky.

June 22, 1962.

W. Owen Keller, Frankfort, James M. Collier, Elizabethtown, for appellants.

James T. Hatcher, Paul M. Lewis, Elizabethtown, for appellees.

MOREMEN, Judge.

This suit is a class action brought by a number of taxpayers of Hardin County by which they sought to enjoin the Board of Education from entering upon a program of consolidation of high schools. The Court refused to grant an injunction and dismissed the complaint. Hence this appeal.

Prior to the year 1960, the Hardin County High School System contained six high schools. For a number of years the County Board of Education had considered the advisability of eliminating some of these schools in order that schools of higher standards could be established with more adequate educational opportunities for the children of the county. So, in 1960 the School Board requested the State Department of Education to make a survey of its high school system and to recommend to it whether a consolidation program should be had and what course should be pursued if consolidation was recommended.

The State Department of Education sent three highly qualified officials to Hardin County where they spent several days making a field study of the problem. In addition these men had data and information which had been collected over recent years. They reported to the Hardin County School Board that the county could not adequately support six high schools and offer in each one a comprehensive curriculum that would meet the high requirements of present day education. It was suggested that the number of high schools be reduced to three and that they be established at Vine Grove, Stephensburg and Glendale. The Hardin County School Board adopted the plan recommended by the State Board of Education.

Appellants complain that the three schools are improperly located for the reason that in the most populated portion of Hardin County—the northern section—only one school will be located, that at Vine Grove, while in the sparsely settled southern part two schools will be situated, one at Stephensburg and one at Glendale. These are only six miles apart, thus creating an imbalance which is to the disadvantage of the high school students in that some of them must drive considerable distances to attend classes.

The proof shows, however, that the area to be served by the Vine Grove High School is much smaller than the area to be served by the other two schools and while the Vine Grove School will serve about five hundred pupils, the Stephensburg Center will be open to approximately four hundred students and Glendale will have about four hundred and fifty. It seems to us that this is about as close a division of this nature as may be made. In addition, the roads, natural terrain (which in some parts of Hardin County is rather mountainous even though we call it hilly), bridges and other means of travel must be taken into consideration. It appears to us that the local School Board, together with the State Board of Education, is better qualified than the court to exercise this discretion. We have repeatedly so held.

Chapter 160 of the Kentucky Revised Statutes sets forth in detail the rights, powers and duties of the County Boards of Education and by these statutes the legislature has expressly vested in local School Boards the right to select school

sites. Courts will not interfere with the exercise of such discretion unless clear abuse is demonstrated. See: Perry County Board of Education v. Deaton, 311 Ky. 227, 223 S.W.2d 882.

We believe, after an examination of the record, that the School Board acted correctly.

Judgment affirmed.