Roy Lee **WIGGINTON et al., Appellants,**

v.

**NELSON COUNTY BOARD OF EDUCA- TION et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 18, 1966.

John C. Anggelis, Anggelis, Collis & Bunch, Lexington, for appellants.

Ben B. Fowler, Dailey & Fowler, Frankfort, for appellees.

HILL, Judge.

This is an appeal from a judgment upholding the plan of action of the Nelson County Board of Education to construct a

new "central" high school 2.7 miles east of Bardstown on U.S. Highway 62 and denying other relief sought. This suit was originally filed by a group of citizens interested in obtaining repairs on the Bloomfield school buildings. After the date of filing of the original suit, it was determined by the Nelson County Board of Education, with the approval of the State Department of Education, that a new "central" high school would be constructed as above pointed out; whereupon, an amended pleading was filed asking that the board be enjoined from so doing.

The Legislature of this Commonwealth has wisely provided in Chapter 160 of the Kentucky Revised Statutes (KRS 160.290) that:

"Each board of education shall have general control and management of the public schools in its district and may establish such schools and provide for such courses and other services as it deems necessary for the promotion of education and the general health and welfare of pupils, consistent with the rules and regulations of the State Board of Education."

This court has given great weight to the discretion of boards of education in this area. It was written in Perry County Board of Education v. Deaton, 311 Ky. 227, 223 S.W.2d 882, 883 (1949) that:

"County Boards of Education are given broad discretion under KRS 160.-160 and 160.290 in the selection of school sites and in the establishment of schools as they deem necessary for the promotion of education and the general welfare of the pupils. As stated in Phelps v. Witt, 304 Ky. 473, 201 S.W.2d 4, and Justice v. Clemons, 308 Ky. 820, 215 S.W.2d 992, when the Board has obtained the approval of the Superintendent of Public Instruction of its plans for a new building (KRS 162.060) courts will not interfere with the proposed plans unless there is positive proof of fraud, collusion or a clear abuse of discretion."

Let us examine the facts of this case to determine whether there has been "fraud, collusion or a clear abuse of discretion."

Prior to the proposed new "central" high school plan questioned herein, Nelson County Board of Education maintained two high schools in Nelson County: a four-year high school at Bardstown, known as Old Kentucky Home High School, with an enrollment of 614 students; and a four-year high school at Bloomfield with an enrollment of 242 students.

The plan for the "central" high school was adopted in August 1965 and contemplates the use of the facilities 2.7 miles east of Bardstown for grades ten, eleven, and twelve and renovation of the present Bloomfield High School to accommodate a junior high school for seventh, eighth, and ninth grades for those students in the present Bloomfield High School district. The plan calls for the conversion of the present Old Kentucky Home High School into a junior high school to serve the remainder of the county district.

The circuit court in its findings of fact concluded that "an area vocational school, or trade school, is to be constructed on the site of the new high school, which will serve all of Nelson County and supplement the vocational training of the high school."

Of basic geographic importance, favoring the proposed plan, is the fact that the new high school will be located about the center of the county less than three miles from Bardstown where all roads and highways, like the spokes of a wagon wheel, lead to the hub.

All plans, as well as budgets, of local school districts must have the approval of the State Department of Education. For years the department has recommended consolidation and a central high school for Nelson County. We recognize that the department has the facilities and information to impart scientific, modern plans and recommendations to the local boards of education for the betterment of their

districts. It is hoped and believed that the plans and recommendations of the department are not based on partiality, sentiment, or politics and, therefore, deserve considerable respect. The recommendation of the department in the present case is considered strong and convincing evidence of the wisdom and necessity of the plan.

On the credit side of the plan, we may place the prospect of a broader high school curriculum. At the time this case was prepared in the circuit court, the two high schools in Nelson County were rated "standard." In order to receive such rating, a minimum of thirty-three courses must be offered. Thirty-four courses are offered at Bloomfield; thirty-nine courses are offered at the larger Old Kentucky Home High School. The minimum requirement for a "comprehensive" rating is forty-three courses with a maximum desirable of fifty-nine courses. There was convincing evidence in this case that the proposed plan will enable the county board to achieve a "comprehensive" rating.

In addition to the above enumerated advantages, the proof indicates the removal of the seventh and eighth grades from the elementary schools at Foster Heights, Boston, Chaplin, Cox's Creek, and New Haven will improve and give more room to the elementary program. We have listed here some of the sound reasons in support of the plan in question, and there are others.

Appellant relied heavily on the claim that some of the board members threatened to consolidate, or build a central high school, upon being sued by appellants for repairs at Bloomfield. This is denied by the board members. However, if this were true, such threats or statements of fact may or may not have been justified. In the face of the prospect of a central school, it is entirely possible that the board of education thought it not feasible at that time to make the demanded repairs at Bloomfield. In any event, we are not so much concerned with the motive and manner of the adoption of

the plan as in the test of whether it is arbitrary or unreasonable.

It is concluded that the Board of Education of Nelson County did not act unreasonably or arbitrarily in planning a central high school. To the contrary, we think the plan is feasible, practical, and beneficial to the entire school system of the county.

The judgment is affirmed.