**William F. PORTER et al., Appellants,**

**v.**

**BULLITT COUNTY BOARD OF EDUCATION et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 27, 1968.

W. R. Gentry, Jr., Bardstown, for appellants.

Dailey & Fowler, Frankfort, for appellees.

OSBORNE, Judge.

This action was brought by appellants as citizens seeking to enjoin appellees, Bullitt County Board of Education, from discontinuing the high school at Mount Washington and constructing a consolidated high school at Shepherdsville. They contend the acts of the school board are arbitrary, unreasonable and an abuse of its discretion. Specifically, they contend:

1. Mount Washington High School has grown in the past five years from 187 students to 277 students.

2. The population of Mount Washington has grown from 1200 to 2100 in the past seven years.

3. Mount Washington is located 10 or 15 miles from large, industrial plants in Louisville, Kentucky.

4. In recent months there have been 673 subdivision lots platted in Mount Washington in anticipation of future growth.

5. Transportation of students from Mount Washington to Shepherdsville would require bussing them for approximately 11 miles. The proposed new high school will not accommodate the present county school population for over four years in view of anticipated population growth.

6. The creek floods between Mount Washington and Shepherdsville every 1½ or 2 years, thereby forcing the closing of the highway connecting the two towns.

7. The survey made by the State Department of Education wherein the construction of the new high school was recommended was made in 1961 and is now obsolete.

This case represents another in a long series of cases where residents of local communities about to lose a high school have turned to the courts in an endeavor to prevent the local school board from carrying out a consolidation program. They are brought about by fear on the part of the citizens in a local community that removal of the community high school will in some way damage business and lower the values of local property. This court

has pointed out many times that the determination of whether to consolidate or not to consolidate schools is one that lies, where it rightly should, with the local school board and we will not interfere unless the board acts arbitrarily or abuses its discretion. Brown v. Hardin County Bd. of Ed., Ky., 358 S.W.2d 488; Wiggington v. Nelson County Bd. of Ed., Ky., 408 S. W.2d 647.

 The factors above enumerated by appellants come nowhere close to showing an abuse of discretion. They are nothing more than a compilation of matters which the school board surely considered before it voted to consolidate.

The judgment of the trial court in denying injunction relief is affirmed.

Judgment affirmed.

All concur.