Jake **LAYNE** et al., Appellants,

v.

**BOARD OF EDUCATION OF FLOYD COUNTY**, Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

June 27, 1969.

Joe Hobson, Paul Hayes, Prestonsburg, for appellants.

W. W. Burchett, Prestonsburg, for appellees.

DAVIS, Commissioner.

The appellants are citizens of Martin, a fourth-class city in Floyd County, who sought an injunction to prohibit the construction of a school building at Eastern, a community in Floyd County. The trial court denied the relief and this appeal results. The questions raised may be understood more readily by relation of them in the course of the opinion rather than stating them as introductory matter.

Appellants (hereinafter plaintiffs) filed a complaint against the Board of Education of Floyd County and its members, along with the Floyd Fiscal Court and its individual members seeking to enjoin the proposed construction of a new high school building and appurtenances at Eastern. Plaintiffs undertook to prosecute the action as a class action pursuant to CR 23.01. No order appears of record indicating whether the trial court determined that the plaintiffs could properly maintain such a class action, but no issue is made of this on the present appeal. (CR 23.02 and 23.03, as amended, effective July 1, 1969, require

an appropriate finding in this respect as a preliminary step in class actions.)

We summarize the allegations of the complaint insofar as they pertain to the grounds urged for reversal.

By a judgment of the Floyd Circuit Court in an action styled Orris Gearheart et al. v. Board of Education of Floyd County, entered January 21, 1939, the Board of Education was permanently enjoined from abandoning, discontinuing, or suspending the teaching of any of the twelve grades in the school located in Martin so long as a sufficient number of pupils continues to reside within that community as will conform to the legal requirements for maintenance of a twelve-grade school. The same judgment enjoined the members of the Board of Education and their successors in office from requiring any of the pupil children in the Martin area to attend any school located outside that vicinity.

It was alleged in the complaint that the Board of Education has publicly announced plans to construct a high school at Eastern to which will be transported pupils from Martin and certain other existing high schools in the general vicinity so that the end result will be that the Martin school will cease to exist, all of which would be in violation of the injunction in the Gearheart judgment which is in full force and effect. There was no definitive showing that the Board actually has ordered the Martin pupils transferred to Eastern, but it is fairly inferable that such is the plan.

Additionally, the complaint asserts that all needed facilities, including police and fire protection, sewage disposal, water facilities, adequate parking facilities, and streets, exist at Martin whereas none of these exists at Eastern. Many, if not most, of the pupils attending the Martin school live in such proximity to it that transportation is not required for them whereas transportation will be required for substantially all of the pupils at Eastern. It is asserted that the proposed school at Eastern cannot be maintained without requiring the Martin pupils to attend it.

There were other allegations to the effect that the school board had spent too much for the property and that it had indicated an intention to make improvements in some other areas which would deplete its resources so that the Martin school necessarily would be discontinued on the basis that funds for its continued maintenance will be unavailable.

The Board of Education moved to dismiss the complaint for failure to state a claim and affirmatively asserted by answer that a subsequent suit in the Floyd Circuit Court had resulted in a judgment determining that the 1939 judgment in the Gearheart suit in no wise prevents or prohibits the Board of Education from proceeding with its plans to construct the high school at Eastern, nor does it require the Board to maintain a twelve-grade school at Martin. In short, the judgment in the second action had the effect of determining that the Gearheart judgment is no longer effective.

At two pretrial conferences attorneys for the plaintiffs substantially agreed, upon inquiry by the presiding judge, that the thrust of their law suit was to assure the continuation of an adequate twelve-grade school at Martin. Despite the somewhat vaporous allegations of an abuse of discretion by the Board in its selection of Eastern as a site for a school, it is abundantly clear from the record that the plaintiffs do not propose to prove any fact which would demonstrate an abuse of discretion on the part of the Board. The prime issue is whether the injunction in the Gearheart case, as contained in the 1939 judgment, legally forbids the discontinuance of a twelve-grade school at Martin as well as the transportation of any of the pupils residing in that area to a school in another section. By appropriate order the trial court dismissed so much of the complaint as undertook to enjoin the construction of the school at Eastern but reserved for further adjudication any and all issues respecting the rights of the parties as to the necessity of continuing a twelve-grade school at Martin. The judgment was made final as to the issue determined

with the appropriate recitations for making it appealable as prescribed by CR 54.02.

The court has heretofore issued an order affirming the judgment on appeal, and this opinion recites the reasons for that order. In essence, we agree with the trial judge who concluded that there was no substantial averment of the Board's abuse of discretion and no issue on that score for trial. In brief, the view of the trial court, with which we agree, was that the plaintiffs presented no justiciable issue on the general question of whether there should be a high school constructed at Eastern. The only point they raise is whether the construction of that high school will inevitably require the discontinuance of the Martin school system. In short, the plaintiffs do not express or allege any concern about the proposed actions of the Board in proceeding unless and except as that action may affect the school at Martin.

■ No serious question is or could be presented challenging the basic authority of the Board to exercise its prerogative in building a school at Eastern absent a showing that to do so would be arbitrary or an abuse of discretion. Brown v. Hardin County Board of Education, Ky., 358 S.W. 2d 488; Wigginton v. Nelson County Board of Education, Ky., 408 S.W.2d 647.

■ There is no allegation that the Board is acting arbitrarily and, as noted, no substantive allegation of an abuse of discretion. It follows that the trial court correctly dismissed so much of the claim as sought to enjoin the Board from proceeding with its plans to build a school at Eastern, since the only real relief sought by the plaintiffs is the retention of the school at Martin. The ultimate decision of whether the Board must maintain a school at Martin is yet to be reached in the trial court and is not passed upon by this court.

It is for these reasons that the judgment was affirmed on June 5, 1969.

All concur.