**S. O. S. INC., a Corporation, Appellant,**

**v.**

**FISCAL COURT OF WARREN COUNTY,**
**Kentucky, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 24, 1969.

Ray B. White, Leland H. Logan, Bowling Green, for appellant.

Henry J. Potter, Jr., Joe B. Orr, Bell, Orr & Reynolds, Bowling Green, for appellees.

CULLEN, Commissioner.

S.O.S., Inc., a corporation, appeals from a judgment of the circuit court which dismissed, as stating no claim upon which relief could be granted, the corporation's complaint seeking to enjoin the Warren County Board of Education from closing North Warren High School or from consolidating it with new Warren East High School. The complaint alleged that the decision of the board to close North Warren

High School (1) was arbitrary, unreasonable and beyond the board's statutory authority, and (2) it violated conditions of the deed under which had been acquired the land on which the North Warren High School was conducted. The circuit court was of the opinion that the judgment in a prior suit, affirmed by this court in Hill v. Fiscal Court of Warren County, Ky., 429 S.W.2d 419, was res judicata of the first ground alleged, and that there was no merit in the second ground because the school board could not and did not bind itself to maintain a specific type of school at a particular location in perpetuity.

■ The latter of the two reasons relied upon by the circuit court obviously is correct. While the deed under which the school board acquired the property contained conditions or restrictions limiting the use of the property to secondary school purposes, the deed in no way purported to impose on the board such an obligation, for perpetually maintaining a school on the property, as would be specifically enforcible. From time immemorial deeds have contained such kinds of conditions or restrictions, and the remedy for violation has never exceeded a forfeiture or reversion. And even if the deed here in question were construed as intended to impose a specifically enforcible obligation on the school board it would not be so enforcible, because the board could not by contract with a private individual surrender its authority to determine where schools shall be located. Cf. 43 Am.Jur., Public Officers, sec. 295, p. 104; County Board of Education of Warren County v. Durham, 198 Ky. 733, 249 S.W. 1028.

■ As concerns the matter of res judicata the answer is not plain and simple although it appears that the circuit court's decision probably was correct. Since there are at last two plain and simple other reasons for holding that the first ground of the complaint did not state a claim upon which relief could be granted, we shall not discuss the res judicata question but shall state the other reasons.

The purpose of the plaintiff S.O.S. corporation, as stated in its articles, is "to promote the educational, economic, social and civic welfare of the Northern Section of Warren County, Kentucky, and immediately surrounding area." It is not a citizen and does not allege that it is a taxpayer. It purports to sue on behalf of all other "persons" affected by the action of the school board. This court has recognized the right of "taxpayers and patrons of schools" to bring suit to challenge the action of the school authorities. See Wooley v. Spalding, Ky., 293 S.W.2d 563. But the S.O.S. corporation is not taxpayer or patron. It has stated no rights or interests *possessed by it* that possibly could be affected by the action of the school board. The corporation does not allege any burden of which it requires "relief" within the meaning of the rule that a complaint must state a claim on which "relief" may be granted. We think the complaint was dismissable on that ground.

■ The complaint of arbitrary, unreasonable and unlawful action by the school board was dismissable as failing to state a claim on which relief could be granted for the further reason that the specific grounds of arbitrariness, unreasonableness, etc. that were alleged, such as that "transportation requirements will be onerous and burdensome, and that Smiths Grove will be permanently deprived of a school on a secondary or high school level for the first time in almost a century," and that there would be "an adverse effect upon the Community of Smiths Grove," were not such grounds as would support a finding of arbitrariness, unreasonableness or unlawfulness. See Goins v. Jones, Ky., 258 S.W.2d 723; Clemons v. Bottom, Ky., 262 S.W.2d 85; Wells v. Board of Education of Mercer County, Ky., 289 S.W.2d 492; Wooley v. Spalding, Ky., 293 S.W.2d 563; Brown v. Hardin County Board of Education, Ky., 358 S.W.2d 488; Wiggington v. Nelson

County Board of Education, Ky., 408 S.
W.2d 647; Porter v. Bullitt County Board
of Education, Ky., 433 S.W.2d 126.

The judgment is affirmed.

All concur.