Everett AKERS et al., Petitioners,

v.

Honorable James B. STEPHENSON, Special Judge, Floyd Circuit Court, Respondent.

Court of Appeals of Kentucky.

Oct. 6, 1970.

Francis D. Burke, Pikeville, Joe Hobson, Prestonburg, for petitioners.

Ray Corns, Dept. of Education, Frankfort, for respondents.

CLAY, Commissioner.

This is an original proceeding seeking an order of this court prohibiting respondent, Honorable James B. Stephenson, Special Judge of the Floyd Circuit Court, from enforcing an order purporting to control petitioners' right to institute or prosecute a lawsuit in the Franklin Circuit Court. The present proceeding is another facet of a running battle over the proposed construction and operation of a new high school in Floyd County, to be located in the community of Eastern. To give the proper perspective, it may be said that the petitioners represent a class of citizens of Floyd County who are primarily interested in preserving a 12-grade school now located at Martin.

In 1939 a judgment was entered in the Floyd Circuit Court[1] enjoining the Floyd County Board of Education (hereinafter "Board") from abandoning the Martin school (with certain qualifications), and that judgment is still in effect. In 1968 the Board had decided to construct a new high school at Eastern, with the approval of the Department of Education, and steps were being taken to issue bonds and enter into construction contracts. On January 10, 1969, certain citizens (one of whom is a present petitioner) brought a class action against the Board and the Floyd County Fiscal Court to enjoin the construction of the new high school and to enjoin the discontinuance or removal of the Martin school. A judgment was entered in that suit by the respondent judge dismissing the complaint insofar as the plaintiffs undertook to enjoin the construction of the new school at Eastern. The question involving the possible discontinuance or removal of the Martin school was reserved for further adjudication. This judgment was affirmed in Layne v. Board of Education of Floyd County, Ky., 442 S.W.2d 587 (1969). After the mandate was issued, the respondent entered a judgment authorizing the Board to award contracts, sell bonds, and otherwise implement the construction and operation of the new Eastern High School.

On August 17, 1970, three days prior to the scheduled sale of bonds to finance the project, the present petitioners brought a class action in the Franklin Circuit Court against the Department of Education, and others, seeking to nullify the earlier approval of the new Eastern High School and to enjoin the outlay of funds. The principal allegations in this suit were that under adopted rules and regulations a high school could not be approved if it would have an enrollment of less than 500 students, and the new high school would not have a sufficient number of students unless some were taken from the Martin school. Again was raised the question of whether or not the state officials, like the county officials, were violating the old 1939 judgment. (It may be mentioned here that the petitioners, or those representing the same class, had earlier instituted two other proceedings to block this project but were unsuccessful.)

On August 20, 1970, the Floyd County Fiscal Court, on behalf of the Board, sold a $650,000 bond issue. These bonds must be delivered within 45 days, and they would not be acceptable unless bond counsel signed a "no litigation" statement. On August 22 one of petitioners' counsel noti-

---

1. Orris Gearheart et al. v. Board of Education of Floyd County.

fied the bond purchasers about the Franklin County suit and advised that that suit "directly affects the validity of these bonds".

Promptly thereafter the Board moved respondent in the original suit involving the new Eastern High School to require the petitioners to dismiss their action in the Franklin Circuit Court on the ground that this was a bad-faith attempt to thwart the judgment entered in that case and to block the construction of the school which had been approved administratively and judicially. Upon a hearing, respondent found petitioners to be acting in bad faith and attempting to circumvent the court's judgment. He thereupon directed petitioners to immediately dismiss the Franklin County suit on pain of contempt. That is the order which gave rise to this petition for a writ of prohibition.

■ There appears no question but that petitioners are representatives of the same class involved in the original suit over which respondent had jurisdiction. It is also apparent that, though a different type of question is raised, the subject matter of the two pending suits is essentially the same. It is a well settled rule that where the parties and the subject matter are the same, once a court of concurrent jurisdiction has begun the exercise of that jurisdiction over a case, its authority to deal with the action is exclusive and no other court of concurrent jurisdiction may interfere with the pending proceedings. 20 Am.Jur.2d, Courts, § 128, page 481. In Delaney v. Alcorn, 301 Ky. 802, 193 S.W.2d 404 (1946), we held the court first obtaining jurisdiction of a divorce proceeding could not only enjoin the defendant from proceeding in another jurisdiction but could also enjoin the sheriff of the latter jurisdiction from executing any writs issued by the latter court. See also Hawes v. Orr, 73 Ky. (10

Bush) 431 (1874). In essence, respondent entered an order similar to the one considered in Delaney.

■ Fortifying this principle of course is the authority of a court to enforce its own judgments and remove any obstructions to such enforcement. 46 Am. Jur.2d, Judgments, § 898, page 1032; Crook v. Schumann, 292 Ky. 750, 167 S. W.2d 836 (1943). A court also has the right to invoke the contempt power in enforcing a judgment. Young v. Knight, Ky., 329 S.W.2d 195 (1959). We must therefore reject petitioners' argument that respondent lacked jurisdiction to proceed in the matter.

Nor do we find that respondent acted erroneously within his jurisdiction. He had been intimately associated with this controversy from the beginning. He was aware of the proceedings which had been taken to effectuate his final judgment on the issue of whether or not the Board could construct the new high school. He had an opportunity to examine the complaint filed in the Franklin Circuit Court and he was justified in finding that the principal issue there presented was the same as the one which had been presented in the original action. The letter addressed by petitioners' counsel to the bond purchasers clearly demonstrated that the new suit impaired the effectiveness of his final judgment which authorized the bond issue. The collateral attack in the Franklin Circuit Court obstructed the carrying out of his judgment. While petitioners correctly say they have a right to file a lawsuit, that right may not be exercised in bad faith and in such a manner as to impair the jurisdiction of another court or to nullify the judgment of the court with prior jurisdiction.

Prohibition is denied.

All concur.