**FLOYD COUNTY BOARD OF EDUCA-TION et al., Appellants,**

**v.**

**Jake LAYNE et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 22, 1971.

As Modified on Denial of Rehearing Jan. 21, 1972.

W. W. Burchett, Prestonsburg, for appellants.

Joe Hobson, Paul E. Hayes, Prestonsburg, for appellees.

CULLEN, Commissioner.

This appeal is by the Floyd County Board of Education from a judgment of the Floyd Circuit Court declaring that the board could not close the twelve-grade school at Martin, Kentucky, except upon the existence of circumstances specified in a judgment of January 21, 1939, in a former action, as being the only circumstances which would authorize a closing.

The instant action was brought by a group of individuals alleging themselves to be "citizens, residents, taxpayers, patrons, and legal voters of the Martin School District," seeking to enjoin the construction of a consolidated school at Eastern, and to enjoin the closing of the Martin school as a part of the consolidation plan.[1] The court entered an order permitting them to maintain the action as representatives of a class, "i. e. the citizens and residents of *Martin*, Kentucky" (our emphasis).

The plaintiffs pleaded that the board of education was precluded under the doctrine of res judicata from closing the Martin school, by virtue of the 1939 judgment above mentioned, which was entered in an

action brought against the board of education in 1938 by a few persons who identified themselves as "citizens, residents, taxpayers and legal white voters of Floyd County, Kentucky, and more particularly of, and within, the Martin Consolidated School District," and who pleaded that they brought the suit "for and on behalf of all the taxpayers of Floyd County, Kentucky, and particularly the taxpayers and patrons of Martin Consolidated School District."

The 1939 judgment declared that the board of education and its successors in office were "perpetually enjoined from abandoning, discontinuing, or suspending the teaching of any of the twelve grades in said school now located in the Town of Martin, and within the Martin Consolidated School District, so long as there is a sufficient number of pupil children residing within said district to meet the legal requirements for maintaining a twelve grade school, and from requiring any pupil children in said district, or any of them, in all or any of said twelve grades, to attend any school located outside of said district, all to the end that said twelve grade school now located in said Martin Consolidated School District shall continue to be maintained and operated as a twelve grade school without being disturbed."

The circuit court in the instant action was of the opinion that the 1939 judgment was controlling of the instant action under the doctrine of res judicata. We do not agree.

We believe it is important to give full consideration to the purpose of the doctrine of res judicata and its basis in public policy.

"The doctrine of res judicata is a judicially created doctrine, which may be said to exist as an obvious rule of reason, justice, fairness, expediency, practical necessity, and public tranquillity.

---

1. See Layne v. Floyd County Board of Education, Ky., 442 S.W.2d 587, for the disposition of the question of construction of the new school at Eastern.

Public policy, judicial orderliness, economy of judicial time, and the interest of litigants, as well as the peace and order of society, all require that stability should be accorded judgments, that controversies once decided on their merits shall remain in repose, that inconsistent judicial decisions shall not be made on the same state of facts, and that there be an end to litigation which, without the doctrine of res judicata, would be endless." 46 Am.Jur.2d, Judgments, sec. 395, pp. 559 to 561.

"The doctrine of res judicata may be said to inhere in legal systems as a rule of justice. Hence, the position has been taken that the doctrine of res judicata is to be applied in particular situations as fairness and justice require, and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.

"The sound policy behind the doctrine is also to be considered in applying the doctrine. In this respect, application of the doctrine has been denied where the policies underlying the doctrine were not applicable to the peculiar facts involved, and where the circumstances presented a unique and nonrecurrent situation. Moreover, there are exceptions to the doctrine of res judicata based upon other important reasons of policy. In this respect it has been declared that res judicata, as the embodiment of a public policy, must at times be weighed against competing interests, and must on occasion, yield to other policies. * * *" 46 Am.Jur.2d, Judgments, sec. 403, pp. 569, 570.

■ The doctrine of res judicata is applicable to *class actions*, but is applied to them with great caution, and where the reason for the rule does not exist the rule itself will not be enforced. 46 Am.Jur.2d, Judgments, secs. 539, 540, pp. 695, 696.

■ There appear to us at least two reasons why it would be anomalous to apply res judicata in the instant case. First,

we are dealing with a class action involving a limited class on one side and a public body on the other. The Floyd County Board of Education serves and represents the entire Floyd County school district, and owes duties to all of the citizens. The 1939 judgment was obtained by a group of citizens who made no real representation or pretense of representing any class other than "the taxpayers and patrons of the Martin Consolidated School District." The plaintiffs in the instant action were authorized to represent a class consisting of "the citizens and residents of Martin, Kentucky." Thus, were res judicata to be applied here, we would have the anomaly of a public body, representing an entire county, being bound and precluded by a judgment obtained by a class which did not purport to consist of all of the citizens of the county; the effect of so binding the board being to bind citizens who never were purported to be represented in the class action.

■ Second, it is firmly established that a school board cannot by *contract* divest itself or its successors of the discretionary powers granted to it by the legislature. See Ewing v. Peak, Ky., 266 S.W.2d 300; Board of Education of Louisville v. Society of Alumni of Louisville Male High School, Ky., 239 S.W.2d 931. If a school board cannot contract away its discretionary powers, would it not be anomalous for this court to hold that the board can lose its discretionary powers through litigation brought by persons purporting to represent only a small part of the citizens of the school district?

■ We have in this case the following factors that weigh against application of res judicata: The "Martin Consolidated School District" no longer exists as a subordinate unit of the Floyd County School District. A generation has passed since the 1939 judgment was entered. The policy of the law with respect to consolidation of schools has changed during that period. See Clemons v. Bottom, Ky., 262 S.W.2d 85. The public policy is that school boards have wide discretion in the management

of the school systems, including the number and location of school buildings, and interference with administrative discretion of that kind is not a proper judicial function. See 16 Am.Jur.2d, Constitutional Law, sec. 224, pp. 467 to 471. There have been extensive changes in facilities of communication and transportation since 1939. The law as embodied in administrative regulations promulgated by the State Board of Education, in regard to consolidation of schools, has changed.

In addition to the foregoing factors, we have here some of the elements involved in Ward v. Southern Bell Telephone & Telegraph Co., Ky., 436 S.W.2d 794, which led this court to find the doctrine of estoppel by judgment inapplicable in that case.

It is our conclusion that neither reason, justice, fairness, expediency, practical necessity nor public tranquillity calls for application of the doctrine of res judicata in this case.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.