**Bill SKINNER and his wife, Carolyn Skinner, et al., Appellants,**

v.

**BOARD OF EDUCATION OF McCRACKEN COUNTY, Kentucky, and David K. Stewart, Superintendent of McCracken County Schools, Appellees.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

Samuel S. Boaz, William B. Byrd, Paducah, for appellants.

Tyler C. Bourne, Waller, Threlkeld & Whitlow, Palmer & Palmer, Paducah, for appellees.

NEIKIRK, Justice.

This is an appeal from a denial of an injunction and the granting of a summary judgment to the appellees. The appellants are citizens, taxpayers, and residents of McCracken County, and parents of children attending McCracken County schools.

On August 13, 1971, a hearing was held in the McCracken Circuit Court to determine whether a temporary injunction should be issued against the appellees to enjoin them from implementing a plan of the McCracken County school board to relieve overcrowding at the Reidland and Lone Oak Schools by transporting the students to the Heath School. The appellants alleged that the plan changing the school attendance boundary lines would adversely affect the appellants and their children by requiring children to attend schools other than the ones nearest their homes. The appellants also alleged that school building funds had been improperly diverted from the adding of units to the Reidland and Lone Oak Schools. At the hearing the appellants failed to support their allegations of immediate and irreparable injury, and the injunction was denied. Subsequent to that hearing, another hearing was held on October 14, 1971, on the appellees' motion for a summary judgment. The court, after considering the pleadings and the evidence, granted the appellees' motion. The trial court held that the actions of the appellees had not been arbitrary or capricious, and stated:

"1.  That the defendant, McCracken County Board of Education, is made up of duly elected officials who have a broad discretion to make, fix, alter and determine its school boundary lines provided that same are reasonable and not an abuse of discretion.

"2.  That the defendants' plan and program, and the action taken to change and shift the school boundary lines, was based upon its sound and reasonable discretion, and that the defendant was authorized and received approval by the State Department of Public Instruction to implement and change the lines.

"3.  That the issues as to the facts appearing on the face of plaintiffs' complaint are not genuine and are not material to law determined in this controversy, and defendants' Motion for Summary Judgment as a matter of law should be sustained."

The appellants contend that the court erred in granting the summary judgment.

The party moving for a summary judgment has the burden of establishing that no genuine issue as to any material fact exists and that the movant is entitled to judgment as a matter of law. United Fuel Gas Company v. Preece, Ky., 465 S.W.2d 924 (1970). The trial court determined that no material issue of fact existed as to the appellees' acting capriciously, arbitrarily, or unreasonably. School boards have wide discretion in the management of the school systems under their jurisdiction. This includes the location and number of school buildings, the transportation of pupils within the school system, and, in general, the management of the affairs of promoting education for the best interest of all citizens and pupils within the school district. It is not a proper judicial function for the courts to interfere with the administration of the internal affairs of a school system except in extraordinary circumstances. It is not an abuse of administrative discretion for a board of education to implement by a general overall plan the transportation of pupils within its system in such a manner as to use effectively and efficiently the physical facilities in the school district. See Floyd County Board of Education v. Layne, Ky., 474 S.W.2d 397 (1971); Akers v. Stephenson, Ky., 469 S.W.2d 704 (1970); Layne v. Board of Education of Floyd County, Ky., 442 S.W.2d 587 (1969); Porter v. Bullitt County Board of Education, Ky., 433 S.W.2d 126 (1968); Wigginton v. Nelson County Board of Education, Ky., 408 S.W.2d 647 (1966).

In the instant case, the appellees, in formulating and adopting the boundary changes for transportation of pupils within the school district, followed prescribed statutory procedure and secured the approval of the State Superintendent of Public Instruction. It was the responsibility of the McCracken County Board of Education to weigh the advantages and disadvantages and the conveniences and inconveniences of particular students involved. We agree with the trial court that we cannot substitute our judgment for theirs. S. O. S. Inc. v. Fiscal Court of Warren County, Ky., 446 S.W.2d 565 (1969); Wells v. Board of Education of Mercer County, Ky., 289 S.W.2d 492 (1956); Goins v. Jones, Ky., 258 S.W.2d 723 (1953).

The appellants seek to inject an issue concerning the appellee's motive in effecting the transportation boundary changes. Such an issue is not material in this case. See Wigginton v. Nelson County Board of Education, supra. The real issue is the reasonableness of the action. Appellant's contention that the appellees wrongfully diverted funds is likewise immaterial in this case. If the appellees wrongfully diverted funds, proper remedies exist.

We find that appellants chose to state their complaint in full detail, and evidentiary material was introduced to support appellants' cause of action. Neither the contents of appellants' pleadings, nor the evidentiary material, nor the inferences reasonably to be drawn from them support their claim for relief. The trial court properly dismissed the action. See Security Trust Company v. Dabney, Ky., 372 S.W.2d 401 (1963); Heltsley v. District No. 23, United Mine Wkrs. of Am., Ky., 477 S.W.2d 134 (1971).

The judgment is affirmed.

All concur.