STATE of Missouri,
Plaintiff-Respondent,

v.

Stewart Lorne WELLS,
Defendant-Appellant.

No. 11076.

Missouri Court of Appeals,
Southern District,
Division Two.

July 27, 1979.

Motion for Rehearing and Transfer
Denied Aug. 17, 1979.

Application to Transfer Denied
Sept. 11, 1979.

John D. Ashcroft, Atty. Gen., Brenda Farr Engel, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Mary A. Dickerson, David Donnelly, Donnelly, Baldwin & Wilhite, Lebanon, for defendant-appellant.

BILLINGS, Presiding Judge.

Defendant Stewart Lorne Wells was convicted of two counts of stealing property of a value of more than $50 and a third count of tampering with a motor vehicle. The jury fixed defendant's punishment on the tampering charge at two years' imprisonment but could not agree on punishment for the stealing charges. The trial court imposed concurrent five year sentences on the stealing counts and ordered the two year sentence for tampering to be served consecutive to the stealing sentences. We affirm as to the stealing counts but reverse and remand the tampering count.

The state's information, after first alleging two counts for stealing citizens band radios, each of a value of more than $50,

then purported to allege a violation of § 560.175, RSMo 1969, tampering with a motor vehicle statute. Although the vehicle is described, by year, make, model, and license number, ownership thereof was not alleged. The statute provides: "No person shall . . . tamper with a motor vehicle . . . without the permission of the owner thereof."

In *State v. Cantrell*, 403 S.W.2d 647 (Mo. 1966), the defendant was convicted of larceny on an information which did not allege ownership of the purloined goods. In reversing and remanding our Supreme Court pointed out that the purpose of alleging ownership is to show that title or ownership is not in the accused and to give notice to the defendant of the particular offense for which he is being charged and to bar subsequent prosecution of him for the same offense.

■ We believe the principle of *Cantrell* is controlling here because the lack of permission by the *owner* of the particular motor vehicle is a constituent element of the offense prohibited by § 560.175, RSMo 1969. *Cantrell* follows the general rule that the ownership of property involved in the commission of an offense must be directly alleged where such ownership is an essential element of the offense charged. 41 Am. Jur.2d, Indictments and Informations, § 146; 42 C.J.S. Indictments and Informations § 143. "Failure to allege a constituent element of an offense affects the substantial rights of the defendant, and such a failure is not cured by the statute of jeofails, § 545.030, V.A.M.S. and Criminal Rule 24.11, V.A.M.R." *Cantrell* at 650.

■ The state argues we should hold the defendant's challenge to the sufficiency of the information was waived by his failure to seek a bill of particulars under Rule 24.03, V.A.M.R. We summarily reject this contention because the sufficiency of the information is a matter for our review under Rule 28.02, V.A.M.R., whether raised below or not. The failure to include the

name of the owner of the motor vehicle rendered the tampering count fatally defective. Accordingly, the judgment entered on count three against defendant for tampering with a motor vehicle is reversed and the cause remanded.

We turn now to those points of defendant which are directed to his convictions for stealing. Initially, we note that when this case was submitted and an opinion had been adopted, the transcript filed herein did not show a timely motion for new trial had been filed. Thereafter, we were advised by defendant's timely motion that an extension of time to file a motion for new trial had in fact been granted by the trial court, as shown by a copy of the court's docket entry accompanying the motion. We sustained defendant's motion to supplement the transcript to reflect the extension and withdrew our earlier opinion. We mention this as a *caveat* to those who approve transcripts, apparently without reading the same.[1]

■ We have examined defendant's appellate points in light of the motion for new trial and find ourselves in much the same situation as if no timely motion for new trial had been filed. Defendant's first point concerns the giving of an instruction out of order, contrary to MAI–CR notes on use, and another instruction directed to the tampering charge. At trial defendant made a general objection to all instructions. His motion for new trial attacks the instructions given in this case in two separate averments as follows: "Because the instructions of the State are in error" and "Because the instructions of the State are misleading." The general allegations in defendant's motion for new trial pertaining to alleged instructional error fail to comply with Rule 27.20(a) in that they are not specific and, consequently, preserve nothing for appellate review. *State v. Jones*, 564 S.W.2d 930 (Mo.App.1978). What we have earlier held with respect to the tampering

---

1. Defendant was represented by different counsel at trial and that attorney approved the transcript.

count eliminates defendant's complaint regarding that instruction, and we decline plain error review of his remaining complaint because there was no misdirection or failure to instruct the jury on the law of the case so as to cause manifest injustice. *State v. Johnson*, 546 S.W.2d 725 (Mo.App. 1977).

Defendant attacks the admission in evidence of a police report[2] signed by state's witness Blaker on the grounds it was hearsay and should not have been used to prove the guilt of the defendant on the two stealing counts. Contrary to defendant's assertion, Blaker did identify the signature on the report to be his. Additionally, the officer taking the statement from Blaker testified he witnessed Blaker sign the same. Defendant's objection to the use of and admission in evidence of the report was lack of identification. His motion for new trial alleges: "Because [the] Court erred in admitting incompetent, irrelevant and immaterial evidence offered by the State and over objection of the defendant" and "Because of surprise on the part of the State in submitting and entering into evidence a confession of a witness, which the witness denied signing."

▮▮ Here again we are confronted with defendant's noncompliance with Rule 27.20(a), V.A.M.R., and his complaints regarding the report are not preserved for our review. *State v. Russell*, 324 S.W.2d 727 (Mo.1959); *State v. Whitaker*, 312 S.W.2d 34 (Mo.1958). Furthermore, defendant's trial objection was not directed at the hearsay nature of the report but to its identification. "The court will not review this assignment of error on hearsay grounds because the assignment raises an objection not made at the time the testimony was given." *State v. Atkins*, 494 S.W.2d 317, 319 (Mo.1973). An assignment of error on appeal must be based on the same theory that the objection at trial was made and cannot be broadened or enlarged on appeal. *State v. Healey*, 562 S.W.2d 118 (Mo.App. 1978); *State v. Blockton*, 526 S.W.2d 915 (Mo.App.1975). We decline defendant's present counsel invitation to review this assignment as plain error because we do not find manifest injustice nor miscarriage of justice has resulted.

We have reviewed defendant's remaining assignments. They were either not preserved for our review in his motion for new trial, are without merit, or pertain to the tampering charge.

The judgment entered on counts 1 and 2 for stealing are affirmed; judgment entered on count 3 reversed and remanded.

HOGAN, J., and KELSO, Special Judge, concur.

MAUS, J., concurs in part and dissents in part and files opinion.

MAUS, Judge, concurring in part and dissenting in part.

I concur as to the disposition of the third count. I must dissent in regard to the two counts of stealing. It is seldom that unobjected to or improperly objected to hearsay should be found prejudicial under the plain error rule, V.A.M.R. Crim. Rule 27.20(c). However, in this case the hearsay, only inferentially corroborated, provided an essential link in the evidence leading to defendant's convictions on those two counts. Under that rule, I would reverse and remand those two counts. *State v. Granberry*, 491 S.W.2d 528 (Mo. banc 1973); *State v. Douglas*, 573 S.W.2d 79 (Mo.App.1978).

2. Blaker, according to his statement in the report, was with defendant when the latter stole two CB radios. At trial Blaker was called as a state's witness. When at trial he denied any knowledge of defendant stealing the radios he was declared a hostile witness and the report he had signed was used to impeach him. Officers testified, without objection, that Blaker directed them to the motel unit where he and defendant had been staying and where the officers found three CB radios, two of which were identified by their owners at trial as having been stolen on the night in question, behind the motel unit. Defendant admitted he and Blaker had earlier stopped at another motel and a truck stop where two of the radios were stolen.