**Avery McCOY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54306.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 10, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1989.

Application of Transfer Denied April 18, 1989.

Janis C. Good, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie D. Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Appellant seeks to vacate his conviction after a jury trial for tampering and his sentence as a prior and persistent offender of 15 years. We affirmed on direct appeal. *State v. McCoy,* 725 S.W.2d 913 (Mo.App. 1987). Appellant filed a Rule 27.26 motion for post-conviction relief and after conducting an evidentiary hearing, the motion court denied relief. We affirm.

Appellant claims ineffective assistance of counsel on two points: 1) his lawyer failed to challenge the sufficiency of the information; and 2) his lawyer failed to locate and call certain witnesses.

The information in this case stated:

The Circuit Attorney of the City of St. Louis, State of Missouri, charges that the defendant, in violation of Section 569.-080.1(2), RSMo., committed the class C felony of tampering in the first degree, punishable upon conviction under Sections 558.011.1(3) and 560.011, RSMo., in that on the 8th day of October, 1985, in the City of St. Louis, State of Missouri, the defendant knowingly and without the consent of the owner unlawfully operated an automobile, to-wit: a 1983 Oldsmobile Delta 88 Sedan.

Appellant contends the failure to include the name of the owners of the motor vehicle renders the information fatally defective and requires a vacation of his conviction. Appellant relies upon *State v. Wells,* 585 S.W.2d 267 (Mo.App.1979) which held

the "failure to include the name of the owner of the motor vehicle rendered the tampering count fatally defective." *Id.* at 268.

■ The information in appellant's case follows the Missouri Approved Charge for tampering in the first degree. MACH–CR 23.21, which became effective January 1, 1985, provides:

> The (Grand Jurors) (Circuit Attorney) (Prosecuting Attorney) of the (City) (County) of _____, State of Missouri, charge(s) · that the defendant, in violation of Section 569.080.1(2), RSMo., committed the Class C felony of tampering in the first degree, punishable upon conviction under Sections 558.011.1(3) and 560.011, RSMo, in that (on) (or about) [*date*], in the (City) (County) of _____, State of Missouri, the defendant knowingly and without the consent of the owner (received) (possessed) (sold) (altered) (defaced) (destroyed) (unlawfully operated) a(n) (automobile) (airplane) (motorcycle) (motorboat) (motor-propelled vehicle) [*briefly describe or identify vehicle*].

An information which substantially complies with court-approved forms is not insufficient. Rule 23.01(e) provides "[a]ll indictments or informations which are substantially consistent with the forms of indictments or informations which have been approved by this Court shall be deemed to comply with the requirements of this Rule...." *State v. Reese,* 687 S.W.2d 635, 637 (Mo.App.1985). Courts recommend but do not require use of approved charges. *State v. Mitchell,* 611 S.W.2d 223, 225 (Mo. banc 1981).

■ *State v. Wells,* 585 S.W.2d 267 (Mo. App.1979) is distinguishable from appellant's case because the State's information in *Wells* failed to allege ownership by anyone and the court held lack of permission of the owner was an element of the offense. Appellant's information, by contrast, stated the vehicle was taken "without the consent of the owner."

In *State v. Bailey,* 760 S.W.2d 122 (Mo. banc 1988) the Missouri Supreme Court approved an indictment in the form of MACH 23.21 which did not include the name of the owner of the vehicle. The court noted that the information in *Wells* "was defective not because it failed to state the owner's name, but because it failed to allege ownership or possession in *any body.*" P. 126. *Bailey* is dispositive. We will not find counsel ineffective for failing to assert a meritless objection. *Foster v. State,* 748 S.W.2d 903, 910 (Mo.App.1988).

■ In his second point, appellant contends his attorney failed to locate and call three witnesses, Bobby Daniels, Richard Stewart, and Patricia Stark. Appellant contends he provided the names several months before trial and the general neighborhood in which they could be found. Appellant's trial attorney contends her client did not mention the three witnesses until the day of the trial. The transcript of the evidentiary hearing is totally devoid of any evidence regarding the testimony the three witnesses might have furnished.

The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987). When alleging an attorney failed to locate or call witnesses, the movant must prove the testimony would have provided a viable defense. *Battle v. State,* 745 S.W.2d 730 (Mo.App.1987). In *Battle,* we denied movant's claim of counsel's failure to call witnesses when movant provided no evidence at his evidentiary hearing to show testimony would have been favorable to his defense. In *Ryder v. State,* 657 S.W.2d 64 (Mo.App.1983) we concluded movant failed to show how testimony of an alleged key witness would have helped him or what the testimony would have been when the witness failed to testify at the 27.26 hearing. *Id.* at 65.

AFFIRMED.

SATZ and GRIMM, JJ., concur.