Phillip SWIFT, Appellant,

v.

**BRECKINRIDGE COUNTY BOARD OF EDUCATION, Appellee.**

No. 93–CA–0333–MR.

Court of Appeals of Kentucky.

July 1, 1994.

Robert D. Meredith, Leitchfield, for appellant.

Thomas Brite, Brite & Butler, Hardinsburg, for appellee.

Before HOWERTON, JOHNSTONE and SCHRODER, JJ.

HOWERTON, Judge.

Phillip Swift challenges the constitutionality of the attendance area and transportation policies of the Breckinridge County Board of Education. He appeals from a summary judgment granted in favor of the Board on August 11, 1992, and from the denial of his motion for reconsideration. Swift prosecutes this appeal questioning whether the attendance area/transportation policies operate to deny his child equal protection under the United States and Kentucky constitutions. We find no constitutional infirmity or other error, and we affirm the ruling of the circuit court.

On May 8, 1990, the Board adopted attendance area/transportation policies for the purpose of enforcing class size limits within the school district. This action by the Board was taken only after months of discussing the issue at monthly Board meetings which were open to the public. Prior policy was that students were allowed to attend schools outside their attendance areas, but within the district, and bus transportation was provided. The new policy, designed to enforce statutory class size limits via implementation of a revised transportation policy, continued to permit students to attend schools within the district outside their attendance areas on three conditions: (1) the student's presence did not result in a violation of the class size limit, (2) if the child's attendance created a class size violation, the child would be removed and placed in a school which had room for him, and (3) the student utilized private transportation to get to and from school.

The new policy became effective for the 1990–91 school year. Those students who were already attending school under the "old" policy were not affected. Only those students entering the system for the first time, or those students electing for the first time to attend a school outside of their area, were affected. The plan contemplated equalization when those students who were "grandfathered" in either moved out of the district, returned to the schools in their attendance areas, or, through the course of matriculation, left the system to attend junior-high and high school.

In July 1990, Michael Swift, through his father, Phillip Swift, requested the Board's permission to attend a school outside his attendance area. On behalf of Michael, his grandmother signed a policy statement acknowledging and agreeing that private transportation would be furnished Michael. With that understanding, the Board granted Michael's request. This lawsuit followed in September 1990, when Michael, pursuant to the new policies in effect, was denied transportation by bus to his new school outside his attendance area.

"It is not a proper judicial function for the courts to interfere with the administration of the internal affairs of a school system except in extraordinary circumstances." *Skinner v. Board of Education of McCracken County,* Ky., 487 S.W.2d 903, 905 (1972). Nor may a court substitute its judgment for that of a school board unless that board has acted arbitrarily, capriciously, and unreasonably. *See Coppage v. Ohio County Board of Education,* Ky.App., 860 S.W.2d 779 (1992). School boards are afforded wide discretion in the management of their school systems, which management includes the creation of attendance areas and transportation policies to effect or enforce attendance area plans. *See Skinner, supra.* The discretion of a school board is limited only by the requirement that any actions taken be "in good faith, upon a sound, just and reasonable basis, [with] due regard for the public interest and consequences of its actions upon children affected." *Coppage,* 860 S.W.2d at 783 (citing *Wells v. Board of Education of Mercer County,* Ky., 289 S.W.2d 492, 494 (1956)). Thus the only issue before us is whether the Board's adoption and implementation of attendance area and transportation policies were arbitrary, capricious, or unreasonable. We agree with the trial court that they were not, and we therefore affirm.

The purpose for the Board's adoption of a new attendance area/transportation policy was to satisfy two statutory mandates, one relating to class size maximum and the other permitting students to be enrolled in the public schools nearest their homes. The affidavit of Huston DeHaven, Superintendent of Breckinridge County Board of Education, in-

dicates that the former attendance area policy had become increasingly difficult to enforce and, upon considering all options, the present (and disputed) policies were the most effective and fair means of meeting the statutory requirements. We cannot say as a matter of law that the Board abused its discretion in this regard, nor do we find the Board's actions to be arbitrary, capricious, or unreasonable. Swift's constitutional "rights" were in no way violated. Due process of law was provided.

First, the policy changes were discussed on numerous occasions in a public forum. Indeed, the meeting during which the new policies were finally adopted was attended by some 35 people, parents included. Second, the new policy was not implemented without notice and did not operate retroactively. To the extent any negative impact can be found, such impact only affects those students seeking for the first time to attend a school outside their area subsequent to adoption of the new policies. However, any disparity of application created by the policy will be extinguished as students move from the district and/or matriculate through the system. Finally, we find that the adopted policies of the Board are rationally related to achieve statutory means and are not designed to discriminate against any one student or any particular class of persons. We note that *any* change to enforce school policies would have an impact on *someone*—such could simply not be avoided.

For the foregoing reasons, we affirm the summary judgment in favor of the Breckinridge County Board of Education.

All concur.