RENDERED: DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0175-MR

JESSICA MORELAND; BILL SEARS;
CONCERNED CITIZENS OF LOWES,
KENTUCKY, INC.; JANIE
BURCHARD; JEREMY BURCHARD;
JODIE HANSEN; KELLY SEARS;
KIM JACKSON; MICHALEA
JACKSON; PHYLLIS TERRY; AND
TERRY JACKSON                                                                  APPELLANTS


|            | APPEAL FROM GRAVES CIRCUIT COURT |
|------------|----------------------------------|
| v.         | HONORABLE KEVIN D. BISHOP, JUDGE |
|            | ACTION NO. 21-CI-00162           |


GRAVES COUNTY BOARD OF
EDUCATION; CHARLES RONNIE
HOLMES; GRAVES COUNTY
SCHOOL DISTRICT FINANCE
CORP.; JONI GOODMAN; JULIE
MOFFITT; KELLY THURMAN;
KENNETH HOUSE; AND
SUPERINTENDENT MATTHEW
MADDING                                                                         APPELLEES

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  CETRULO, COMBS, AND EASTON, JUDGES.

CETRULO, JUDGE:  Appellants[1] – citizens and parents of school-age children in Graves County ("the Citizens") – appeal a Graves Circuit Court summary judgment upholding the Graves County Board of Education ("School Board") decision to close Lowes Elementary School ("Lowes").  After review, we affirm.

## I.      BACKGROUND

In March 2021, the School Board voted to close Lowes.  In May 2021, the Citizens brought suit against the School Board and its members, alleging, in relevant part, that the School Board's decision to close Lowes (and the procedure leading up to that closure) violated (1) the Kentucky School Facilities Planning Manual, which is incorporated by specific reference within 702 KAR[2] 4:180 ("the Manual/KAR"), and (2) the Open Meeting laws codified within Kentucky Revised Statute ("KRS") 61.800 *et seq.*  The complaint also requested that the court issue a temporary and "permanent restraining order and injunction prohibiting the closure of Lowes[.]"

---

[1] Jessica Moreland; Bill Sears; Concerned Citizens of Lowes, Kentucky, Inc.; Janie Burchard; Jeremy Burchard; Jodie Hansen; Kelly Sears; Kim Jackson; Michalea Jackson; Phyllis Terry; and Terry Jackson.

[2] Kentucky Administrative Regulation.

-2-

In July 2021, the court held a hearing at which Graves County Schools Superintendent Matthew Madding ("Superintendent Madding") testified that the June 2016 Local District Facilities Plan ("2016 Plan") designated Lowes as a "permanent" facility in need of renovations in excess of $6 million. By the time of the hearing, Superintendent Madding testified the school condition had deteriorated further and Lowes needed updates in excess of $10 million. Also, he stated that a proposed June 2021 Local District Facilities Plan ("2021 Plan") had been submitted to the Kentucky Board of Education for possible approval in August 2021. The 2021 Plan recharacterized Lowes as a "transitional" facility and did not list any construction costs for Lowes.

The Citizens asserted that according to the Manual/KAR, schools could only be closed if designated as "transitional" facilities, and school boards could not close "permanent" facilities. The Citizens argued that Lowes could not be closed because it was still designated a "permanent" facility; the Kentucky Board of Education had not yet approved the 2021 Plan that redesignated Lowes as a "transitional" facility. Next, in relevant part, the Citizens argued that the School Board failed "to conduct public meetings, public forums, and public hearings in the closure of Lowes [] as required by Kentucky's Open Meetings Act[.]"

Shortly after the hearing, the court entered an Order Denying Temporary Restraining Order and Temporary Injunction ("July 2021 Order").

First, the July 2021 Order stated that the School Board *did not* violate the

Manual/KAR. As the School Board points out in its appellee brief, the court

recognized that the designation of a particular school as "permanent" or

"transitional" for planning purposes does not preclude a school board from

reprioritizing needs, from changing its long-term facilities plan, or from closing a

school formerly designated as a permanent center.

> The Court finds the designation as a "permanent" facility
> does not prohibit the [] School Board to vote to close the
> facility. . . . Again, the Manual[/KAR], and the adherence
> to it, is for access to limited state funding and is not a
> prerequisite for the local School Board in determining
> whether to close a facility.

Next, the court determined that the School Board *did* violate the

Kentucky Open Meetings law in January 2021, but that the violation did not negate

the School Board's March 2021 vote and decision to close the school.

> [The Citizens] argue the testimony of [School] Board
> member Kenneth House established the [School] Board
> met in executive session for at least 15 minutes and
> discussed the closing of Lowes [] in violation of the open
> meeting laws. The [] School Board argues the [School]
> Board went into executive session for the purpose of
> discussing proposed or pending litigation which would be
> a valid exception to the Open Meetings law under KRS
> 61.810(1)(c). The Court is not persuaded by the [School]
> Board's argument based upon [School] Board member
> Kenneth House's testimony that he did not recall
> discussing any litigation during that specific executive
> session. As such, the Court finds the [School] Board did
> violate the Kentucky Open Meetings law when it went into
> executive session and discussed the closure of

[Lowes]. . . . [T]he mere fact the [School] Board discussed the closure of [Lowes] on January 21, 2021, without taking action, does not negate the [School] Board's vote and decision to close [Lowes] which was taken at the March 18, 2021, meeting.

Finally, the court stated in the July 2021 Order that the Citizens failed to meet the threshold requirements of Kentucky Rule of Civil Procedure ("CR") 65.04 warranting injunctive relief.

[The Citizens] failed to raise a substantial question concerning the underlying merits of the case and have failed to show a substantial possibility that they will ultimately prevail on the merits. The Court further finds the [Citizens'] remedy, if any, will not be irreparably impaired absent the granting of such extraordinary injunctive relief. The Court also finds based upon the evidence that an injunction would be inequitable and would unduly disserve the public and would in fact place the students, faculty and staff at greater risk of illness and injury due to the current condition of [Lowes].

As such, the Graves Circuit Court denied the Citizens' motion in full. Ten days later, on July 23, 2021, the Citizens filed a motion to alter, amend, or vacate the July 2021 Order pursuant to CR 59.05. The School Board filed a response and a supplemental response, but our review of the record has not found a circuit court order addressing that CR 59.05 motion.

On December 9, 2021, the School Board moved for summary judgment. The next day, a tornado destroyed the Graves County Courthouse, and all pending cases were continued generally. In December 2022, the court held oral

-5-

arguments on the School Board's summary judgment motion. In January 2023, the court granted summary judgment in favor of the School Board and denied the Citizens' request for relief. The order addressed the Citizens' arguments about alleged violations of Kentucky's Open Meetings laws and the Manual/KAR.

First, addressing the alleged Open Meetings violations, the court stated:

> [The Citizens] assert they were not given adequate notice prior to the March 18, 2021 school board meeting to prepare and make "sufficient comment" to close Lowes. The Court notes members of the public were given several opportunities to comment on the [School] Board's decision on how to proceed with Lowes. The public were given opportunities to comment on whether the [School] Board should make repairs or close Lowes.

The court then pointed to testimony from members of the public acknowledging their knowledge and opportunity to comment before the closing vote in March 2021. Specifically, the court noted (a) Appellant Jessica Moreland learned about the possible closure in August 2020 and voiced her opinions at the December 2020 School Board meeting; (b) six people were scheduled to speak and did so at the December 2020 School Board meeting; and (c) the March 2021 board meeting had "lengthy comments," discussion, and a PowerPoint presentation before the vote. The order granting summary judgment stated:

> [b]ased upon the pleadings of record, including testimony by depositions and testimony at the hearing for a temporary restraining order and temporary injunction, the

Court concludes the [Citizens], and the community at large, were given ample opportunities to be heard prior to the [School] Board's vote on closure of Lowes on March 18, 2021.

Next, the court addressed the alleged Manual/KAR violations, specifically, the Citizens' arguments that the School Board failed to conduct certain studies prior to the closure and began the closing process prior to gaining approval by the Kentucky Board of Education. The court noted financial restraints in updating Lowes, Superintendent Madding's communications with the Kentucky Board of Education, the process for Lowes's students to be transported to more modern schools, and the Manual/KAR threshold requirements limiting funding options. The court found that "[b]ased upon the pleadings of record, including testimony by depositions and testimony at the hearing for a temporary restraining order and temporary injunction, the Court concludes the [Citizens] have failed to provide proof the [School] Board acted outside its authority. The Court concludes the [School] Board acted appropriately."

Finally, the order granting summary judgment for the School Board concluded the Citizens had ample opportunity to complete discovery. As such – and considering a school board's broad discretion in managing the internal affairs of its district, including school closures – the court determined "the record is absent of proof which would lead to a conclusion that the Board has acted outside of its statutory authority."

[T]he Board acted within the discretion granted to it in deciding to close Lowes [] and to transfer its students to other schools within the district. The [Citizens] have failed to show any evidence tending to show the [School] Board violated the legal standards applicable to the closing of a school. The Court concludes there is no genuine issue as to any material fact in this action[.]

After the Graves Circuit Court dismissed their claims, the Citizens appealed.

## II. STANDARD OF REVIEW

The appellate standard of review when a trial judge has granted a motion for summary judgment is whether the record, when examined in its entirety, shows there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citation omitted).

Summary judgment is appropriate when "'as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant.'" [*Steelvest*, 807 S.W.2d at 483]] (quoting *Paintsville Hospital Co. v. Rose*, 683 S.W.2d 255, 256 (Ky. 1985)). In using the word "impossible" in *Steelvest*, we have acknowledged that it "is used in a practical sense, not in an absolute sense." *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992).

*O'Bryan v. Cave*, 202 S.W.3d 585, 587 (Ky. 2006).

As "[a]ppellate review of a summary judgment involves only legal questions and a determination of whether a disputed material issue of fact exists[,]" our review is *de novo*. *Shelton v. Ky. Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 905 (Ky. 2013) (citation omitted). We must note that "[i]t is not a proper judicial function for the courts to interfere with the administration of the internal affairs of a school system except in extraordinary circumstances." *Swift v. Breckinridge Cnty. Bd. of Educ.*, 878 S.W.2d 810, 811 (Ky. App. 1994) (citing *Skinner v. Bd. of Educ. of McCracken Cnty.*, 487 S.W.2d 903, 905 (Ky. 1972)).

## III.   ANALYSIS

Here, the Citizens state that the "issue on appeal is not whether the School Board should have closed Lowes[,]" but rather, whether the School Board "complied with Kentucky law in the process." More specifically, the Citizens again argue that, in closing Lowes, the School Board (1) violated the Manual/KAR and (2) Kentucky's Open Meetings laws. However, the issue is moot, and even if it was not, the Citizens presented no issues of *material* fact sufficient to preclude summary judgment.

"A 'moot case' is one which seeks to get a judgment . . . upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a *then* existing controversy." *Morgan v. Getter*, 441 S.W.3d 94, 98-99 (Ky. 2014) (citing *Benton v. Clay*, 233 S.W. 1041, 1042 (Ky. 1921)). Here, even if we

were to rule in the Citizens' favor, the ruling would have no practical legal effect upon the controversy. In fact, it is unclear what relief the Citizens seek; they claim no damages and seek no other relief that might compensate them for some unidentified loss occasioned by the closure. The court found – and the parties seem to agree – that reopening Lowes is unsafe and a practical, financial impossibility.

Moreover, even if the Citizens were requesting legally tangible relief, the Citizens presented no issue of *material* fact sufficient to preclude summary judgment. First, the Citizens allege procedural errors of the Manual/KAR. They contend that the Kentucky Board of Education did not approve the 2021 Plan (designating Lowes as "transitional" and therefore susceptible of being marked for closure) until five months after the Board voted to close Lowes. By moving forward with the vote before the designation was changed, the Citizens argue that the School Board made a procedural error. Second, the Citizens allege procedural errors of Kentucky's Open Meetings law. The Citizens argue the School Board violated the Open Meetings laws of Kentucky in sessions prior to the March 2021 open, public session where the School Board members voted for closure. The court did not find any violations of the Manual/KAR nor any *substantive* violations of the Open Meetings Laws. However, for argument's sake, assuming the School Board did procedurally err and violate the Manual/KAR and Open Meetings laws,

those errors – as described by the Citizens – would still not be "material" under these circumstances.

> Determination that a fact is material or immaterial rests on the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). But as CR 56.03 reflects, the inquiry is not simply whether an issue of material fact exists but what facts the parties are able to prove. *See Steelvest*, 807 S.W.2d at 483; *Barton v. Gas Serv. Co.*, 423 S.W.2d 902, 905 (Ky. 1968). An issue of material fact is "genuine" at the summary judgment phase when discovery has revealed facts which make it possible for the non-moving party to prevail at trial. *See Welch* [*v. Am. Publ'g Co. of Ky.*], 3 S.W.3d [724,] 730 [(Ky. 1999)].

*Kearney v. Univ. of Ky.*, 638 S.W.3d 385, 397 (Ky. 2022).

As such, the alleged procedural errors were "material" only if the Citizens could show that – assuming they were true – those facts could make it possible for them to prevail at trial. The Citizens could only prevail at trial if they could prove that the School Board did not meet their legal obligations in closing Lowes, *i.e.*, the Citizens needed to present evidence that the School Board acted arbitrarily or unreasonably. *Swift*, 878 S.W.2d at 811. In fact, the decision to close a school is one that rests *well within its authority*, so long as it is not arbitrary or unreasonable. *Id.* It is well established that a local school board has broad discretion in the administration of schools in its district. *Phillips v. Board of Educ. of Muhlenberg Cnty.*, 580 S.W.2d 730, 731 (Ky. App. 1979) (citing *Snapp v.*

-11-

*Deskins*, 450 S.W.2d 246, 252 (Ky. 1970)).  The Citizens admit, citing *Coppage v. Ohio County Board of Education By & Through Likins*, 860 S.W.2d 779, 783 (Ky. App. 1992), that when closing a school, "a local [school] board 'must act in good faith, upon a sound, just and reasonable basis, and have due regard for the public interest and consequences of its actions upon the children affected.'"  However, here, the Citizens were unable to prove that – assuming the procedural errors occurred – the School Board did not meet their legal obligations.  Stated another way, even if the alleged Manual/KAR and Open Meetings violations occurred, the Citizens did not show that the School Board failed to act in good faith, upon a sound, just and reasonable basis for closing, and without due regard for the public interest and consequences of its actions upon the children affected.

Lowes was built in 1953 and had fallen into disrepair.  Lowes's boiler was outdated and inefficient.  The school had mold and asbestos issues.  Air conditioning was provided by window units.  The school did not have the classroom space necessary to accommodate the number of sixth graders attending the school.  With fewer than 300 students, Lowes did not qualify for major renovation funds from the state.  Superintendent Madding testified that a phased approach to renovations was considered, but the State Board of Education had previously suggested that was not the recommended path.  Superintendent Madding stated that transportation studies were performed to assist in the

reassignment of Lowes's students to other, more modern schools. The only hardship the Citizens testified to – as to the reassignment of students to other schools – was the possible 45-minute bus ride for students. While certainly this was a concern, the School Board determined the travel time did not outweigh the health, safety, and financial problems with keeping Lowes open. Six people spoke at the December 2020 School Board meeting; and the March 2021 board meeting had "lengthy comments," discussion, and a PowerPoint presentation before the vote. Clearly, the School Board's decision was not arbitrary or unreasonable. Indeed, the Citizens failed to provide *any evidence* that the School Board acted arbitrarily or unreasonably. The School Board's decision – despite possible procedural errors – was in good faith, upon a sound, just and reasonable basis, and with due regard for the public interest and consequences of its actions upon the children affected. Therefore, even if the School Board did commit the alleged procedural errors, those facts are not material – *i.e.*, sufficient for the Citizens to prevail at trial – and therefore summary judgment was appropriate under these circumstances.

## IV.   CONCLUSION

For all the foregoing reasons, we AFFIRM the ruling of the Graves Circuit Court.

ALL CONCUR.

-13-

BRIEFS FOR APPELLANTS:             BRIEF FOR APPELLEES:

Richard L. Walter                  H. Randall Redding
Bradley A. Sears                   Sharon W. Farmer
Paducah, Kentucky                  Henderson, Kentucky